**STATE of Minnesota, Appellant,**

v.

**Douglas Bruce ESPARZA, Respondent.**

**No. C8–85–170.**

Court of Appeals of Minnesota.

May 14, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for appellant.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and SEDGWICK, and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal by the state from the trial court's downward departure of defendant's sentence, based on defense counsel's mistaken interpretation of the appropriate guidelines sentence and communication of that misinterpretation to defendant. We vacate the sentence and remand for resentencing.

## FACTS

Defendant Douglas Bruce Esparza was convicted of attempted second degree murder and two counts of second degree assault following a jury trial. The presentence report recommended that there be no departure from the presumptive guidelines term of 122½ months. (The presumptive sentence is for crime of severity level ten, with a criminal history score of four, and the presumptive sentence halved because the conviction was for an attempt.)

During plea negotiations, the prosecuting attorney offered to allow Esparza to plead guilty to one count of second degree assault and to dismiss the other two counts. In counselling Esparza regarding this offer, defense counsel told him that if he went to trial and was convicted, he would be facing a presumptive sentence of 74½ months. The attorney's advice was based upon an erroneous assumption that Esparza's criminal history score was three and also upon a typographical error at page 267 of the 1984 Desk Copy of the Minnesota Rules of Court. The typographical error appeared in a Summary of Major Changes in 1983 in the Sentencing Guidelines issued by the Sentencing Guidelines Commission staff. It did not appear in the "Official Minnesota Sentencing Guidelines and Commentary" contained in the same volume. The erroneous entry indicated that the ranking for second degree (intentional) murder had been changed from a severity level X to a severity level IX.

Based on his attorney's advice, Esparza chose to go to trial on the three counts with which he had been charged. After his conviction, his attorney asked for a downward departure because of the wrong advice Esparza had been given. His attorney did not say whether Esparza would have accepted the plea agreement if he had known what presumptive sentence he could receive after trial, only that his incorrect advice "might" have affected defendant's decision. He also requested a downward departure based upon several other factors.

The sentencing court departed downward to the sentence that would have been presumptively applied if second degree (intentional) murder were a crime of severity level IX and not X. In doing so, it commented:

> The Court is mindful that there is no specific criteria or a criterion to justify this downward departure, but the Court feels that the totality of the situation and in the interests of justice, the fair and equitable administration of justice that this departure be made and has so made the departure accordingly.

## ISSUE

Did the defense attorney's erroneous advice provide a sufficient basis for a downward departure from the presumptive sentence?

## ANALYSIS

The Sentencing Guidelines, II.D.2.a, provide a nonexclusive list of factors which may be used as reasons for downward departure. The first three factors are (1) the victim was the aggressor, (2) the offender played a minor or passive role, and (3) the offender lacked substantial capacity for judgment because of physical or mental

impairment. The fourth is a rather "catch-all" factor. It allows a downward departure for "other substantial grounds * * * which tend to excuse or mitigate the offender's culpability * * *." Guidelines, II. D.2.a(4). While the list of mitigating factors is nonexclusive, it is apparent from those factors listed and from the language in the "catch-all" factor that, to be the basis for a downward departure, a factor must tend to excuse or mitigate the offender's culpability for the offense. The reason for the downward departure here has no bearing on Esparza's degree of culpability for the offenses of which he was convicted. We find, therefore, the reason given by the sentencing court cannot support a downward departure from the presumptive sentence. *See State v. Benson,* 330 N.W.2d 879 (Minn.1983) (defendant's misunderstanding of potential sentence, which was expressly incorporated into plea agreement, was not appropriate basis for downward departure, only for allowing withdrawal of plea).

In determining that this matter must be reversed and remanded for resentencing, we do not foreclose the sentencing court from considering other mitigating factors which may have been present. The sentencing court may not have considered other mitigating factors as a basis for departure once it focused on the attorney's erroneous advice as an apparently proper basis therefor. We do not restrict the trial court's discretion, upon remand, to impose the appropriate guidelines sentence or to reconsider a downward departure based upon any relevant factor contained in the guidelines.

### DECISION

■ Defense attorney's erroneous advice to defendant regarding sentencing did not provide a sufficient basis for downward departure from the presumptive guidelines sentence.

Reversed and remanded for resentencing consistent with this opinion.