**STATE of Minnesota, Respondent,**

v.

**Steven Kerry WENTHOLD, Appellant.**

**No. C7–88–904.**

Court of Appeals of Minnesota.

Aug. 2, 1988.

Review Denied Sept. 16, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Rochester, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., NIERENGARTEN and SCHULTZ,* JJ. without oral argument.

* Acting as judge of the court of appeals by appointment pursuant to Minn.Const. art. 6, § 2.

## OPINION

FOLEY, Judge.

Appellant Steven Kerry Wenthold seeks review of the trial court sentencing order. We affirm the trial court's decision.

## FACTS

Appellant was convicted of second degree assault in violation of Minn.Stat. § 609.222 (1986) with reference to Minn. Stat. § 609.11 (1986) by his plea of guilty. He was sentenced to 36 months in prison pursuant to the sentencing guidelines. The trial court credited appellant with the time already spent in jail and the time spent participating in the PORT (Probationed Offenders Rehabilitation Training) admissions process.

Appellant was convicted after he fired a 20–gauge shotgun in the direction of a police officer who was approaching appellant from a distance of approximately 40 feet. The officer was responding to a call by appellant's wife, who sought assistance after arguing with appellant. Appellant was intoxicated at the time he fired the shot at the police officer. After firing the shot, appellant moved from his front porch into his house. Approximately 30 to 45 minutes later, appellant surrendered and was taken into custody.

On appeal, appellant challenges his sentence, seeking a dispositional departure from the sentencing guidelines.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion for dispositional departure from the sentencing guidelines?

## ANALYSIS

■ Departure from the Minnesota Sentencing Guidelines presumptive sentence is within the broad discretion of the trial court, and an order refusing departure will rarely be disturbed on review. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981). A trial court may depart from a presumptive sentence where substantial and compelling circumstances justify the departure. Minnesota Sentencing Guidelines II.D.

"Substantial and compelling circumstances" are those circumstances that make the facts of a particular case different from a typical case. *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985) (citing *State v. Back*, 341 N.W.2d 273, 276 (Minn.1983)).

■ The Minnesota Sentencing Guidelines set forth a non-exclusive list of factors which may be used as reasons for departure:

(1) the victim is the aggressor;

(2) the offender plays a minor role in the crime;

(3) the offender lacks substantial capacity for judgment when the offense was committed;

(4) other substantial grounds * * * which tend to excuse or mitigate the offender's culpability, although not amounting to a defense.

Minnesota Sentencing Guidelines II.D.103. Amenability to probation also has been considered grounds for departure. *State v. Biederstedt*, 367 N.W.2d 84 (Minn.Ct.App. 1985). This court in *State v. Esparza*, 367 N.W.2d 619 (Minn.Ct.App.1985) noted that while the list of mitigating factors set forth in the guidelines is non-exclusive, it is apparent from those factors that to be the basis for downward departure the factor must tend to excuse or mitigate the offender's culpability for the offense. *Id.* at 621.

Appellant asserts that the following constitute substantial and compelling grounds for departure in his case: (1) This offense constitutes appellant's first felony conviction (appellant's prior violations were misdemeanors—two disorderly conducts, theft, two DWI's, criminal damage to property, and assault of a police officer, occurring during the period from 1977 to 1985); (2) no one was actually injured; (3) the officer was at a distance where he was not likely to be injured; (4) appellant had suffered a split lip from a fight occurring earlier on the day he fired the shot; (5) appellant had been involved in a marital dispute just before the officer approached the house; and (6) sentencing appellant to prison would place a greater hardship on appellant's family than it would on appellant.

We are not persuaded that these factors relate to, much less tend to excuse, appellant's culpability for the offense. The 36-month prison sentence set forth in the guidelines for second degree assault reflects the seriousness with which the Legislature viewed this offense. Appellant has failed to cite any factors which would warrant departure from the guidelines.

The trial court's decision reflects Minnesota's position on sentencing as a deterrent to the misuse of firearms. The misuse in this case is particularly egregious because it involved an assault upon a police officer. We must be mindful of the vulnerable role which law enforcement officials play to protect life and property. A downward departure would unjustifiably minimize appellant's conduct towards the officer in this case.

## DECISION

The trial court did not abuse its discretion in denying appellant's request for a dispositional departure because appellant failed to establish substantial and compelling circumstances to justify a departure.

Affirmed.