STATE of Minnesota, Respondent,

v.

Donn Harvey BEHL, II, Appellant.

No. CX–96–84.

Court of Appeals of Minnesota.

April 23, 1996.

Review Granted July 10, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Gary Fridell, Goodhue County Attorney, Red Wing, for respondent.

Thomas E. Gorman, Gorman & Gorman, Ltd., Red Wing, for appellant.

Considered and decided by DAVIES, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

PARKER, Judge.

Appellant Donn H. Behl II, a 16–year–old, was indicted by a grand jury on six criminal counts, including premeditated first-degree murder, Minn.Stat. § 609.185(1). A jury found Behl not guilty of the first-degree murder charge, but found him guilty of three criminal counts, including the lesser included offense of second-degree manslaughter in violation of Minn.Stat. § 609.205, subd. 1. Behl moved the district court to return the case to juvenile court for sentencing and for a downward departure from the sentencing guidelines. Both motions were denied, and Behl appeals. We affirm.

## FACTS

On January 23, 1995, Brad Postier was killed in the bedroom of his home by a single shotgun wound to the head. Then 16–year–old Donn Behl was indicted by a grand jury on six criminal counts, including premeditated first-degree murder, Minn.Stat. § 609.185(1).

In September 1995, the matter came on for trial. At that time, the jury was also asked to consider Behl's guilt on two additional charges, including the lesser included offense of second-degree culpable negligence manslaughter, Minn.Stat. § 609.205(1).

The jury found Behl guilty of:

**Count V:** Possession or operation of a short-barreled shotgun, Minn.Stat. § 609.67, subd. 2,

**Count VI:** Theft of a motor vehicle, Minn. Stat. § 609.52, subd. 2(17), and

**Count VIII:** Culpable negligence manslaughter in the second degree, Minn.Stat. § 609.205(1).

Pursuant to a court order, a presentence investigation was conducted by the Minnesota Department of Corrections, and a report recommending commitment was submitted to the trial judge.

Behl moved the trial court to return his case to the jurisdiction of the juvenile court for sentencing and for a downward sentencing departure based on the presentence investigation report. Denying both motions, the trial court determined that the offense of possession or operation of a short-barreled shotgun was not part of a single course of conduct in connection with second-degree manslaughter and sentenced Behl to a 12–month–and–one–day executed sentence as to Count V. Concluding that Behl's total conduct in the case warranted an upward departure, Behl was sentenced to a 72–month executed sentence as to Count VIII (second-degree manslaughter), a 25–percent upward departure, to run concurrently with the sentence on Count V. No sentence was imposed on the motor vehicle theft conviction.

## ISSUES

**I.** Did the trial court violate a constitutional right of Behl by retaining jurisdiction for sentencing?

**II.** Did the trial court abuse discretion by departing upwardly in sentencing?

**III.** Did the trial court err by finding that possession of a short-barreled shotgun and manslaughter were separate offenses for purposes of determining Behl's sentence?

## DISCUSSION

■ In evaluating challenges to the constitutionality of statutes, this court recognizes that the interpretation of statutes is a question of law, and this court "is not bound by the lower court's conclusions."

*In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993) (quoting *Sherek v. Independent Sch. Dist. No. 699,* 449 N.W.2d 434, 436 (Minn.1990)) (citation omitted).

The party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Minnesota Constitution.

*In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989).

The decision to depart from sentencing guidelines rests within the district court's discretion and will not be reversed absent a clear abuse of that discretion. * * * Upward departure is within the sentencing court's discretion only if "substantial and compelling" aggravating circumstances are present.

*State v. Davis,* 540 N.W.2d 88, 91 (Minn.App. 1995) (citing *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981)).

If the record supports findings that substantial and compelling circumstances exist, this court will not modify the departure unless it has a strong feeling that the sentence is disproportional to the offense.

*State v. Anderson,* 356 N.W.2d 453, 454 (Minn.App.1984).

### I.

■ Behl argues that the trial court did not have jurisdiction over the disposition of his case because the jury found him guilty of the lesser included offense of second-degree manslaughter. Because of the jury verdict, Behl contends, the jurisdiction of the trial court was automatically invalidated and he should have been returned to juvenile court for sentencing.

Even if the jurisdiction of the trial court was proper, Behl argues, he was denied his constitutional right to due process of law because he was sentenced by the trial court without being granted a hearing to decide whether he was entitled to receive a juvenile disposition rather than an adult sentence. Behl contends that if the court's interpretation of Minn.Stat. § 260.015 (1994) prohibits a hearing on amenability of treatment, then the statute violates the separation of powers doctrine and is unconstitutional. For support, Behl relies on the holding of *People v. Veling,* 443 Mich. 23, 504 N.W.2d 456 (1993).

In *Veling,* the Michigan Supreme Court held that Michigan circuit courts had juris-

diction to sentence juveniles charged with enumerated offenses but convicted of lesser included offenses. *Veling,* 504 N.W.2d at 461. Following Michigan statutory provisions, however, the *Veling* court remanded the circuit court's dispositional order pending a hearing to determine if the best interests of the minor defendant and the public would be better served by a juvenile disposition or by sentencing as an adult. *Id.* 504 N.W.2d at 465. Minnesota statutory authority is otherwise:

> The term delinquent child does not include a child *alleged* to have committed murder in the first degree *after becoming 16 years of age,* but the term delinquent child does include a child alleged to have committed attempted murder in the first degree.

Minn.Stat. § 260.015, subd. 5(b) (1994) (emphasis added).

> Notwithstanding any law to the contrary, the juvenile court lacks jurisdiction over proceedings concerning a child excluded from the definition of delinquent child under section 260.015, subdivision 5, paragraph (b). *The district court has original and exclusive jurisdiction in criminal proceedings concerning a child excluded from the definition of delinquent child under section 260.015, subdivision 5, paragraph (b).*

Minn.Stat. § 260.111, subd. 1a (1994) (emphasis added).

> Upon the filing of a complaint or indictment charging a 16 or 17 year old child in adult proceedings with the offense of first degree murder, *juvenile court jurisdiction terminates all proceedings arising out of the same behavioral incident.*

Minn.R.Juv.P. 32.08, subd. 1 (emphasis added).

> Under Minn.Stat. §§ 260.11, subd. 1(a), 260.015, subd. 5(b), and 260.125, subd. 7 (1994), *the accusation of first degree murder* by a 16 or 17 year old child *takes the*

*case out of the delinquency jurisdiction of the juvenile court.* If this accusation is first made by complaint, and is followed by an indictment *that does not accuse the child of first degree murder but of some other crime,* the proceedings come within the exclusive jurisdiction of the juvenile court, \* \* \* *[o]nce adult court proceedings begin on an indictment for first degree murder, regardless of the ultimate conviction, the proceedings remain within the adult court jurisdiction.*

Minn.R.Juv.P. 32 cmt. (emphasis added).

Based on the statutory language and using the comment as a convenient summary only, we conclude that Behl's argument is unsupported. We look to the statute in vain for any authority requiring or suggesting a remand of Behl's case to the jurisdiction of the juvenile court based on the finding of not guilty on the first-degree murder charge. The district court therefore properly obtained jurisdiction when the grand jury indicted Behl on the first-degree murder charge, and once the adult court proceedings commenced, sentencing jurisdiction properly remained with the adult court regardless of the ultimate conviction.

We agree with the trial court's observation that this case must be distinguished from *Veling* because the Michigan Act, unlike our statute, incorporated such a hearing option in its juvenile sentencing statute.[1] While we believe that the option of a hearing could enhance protection of the "best interests" of some juvenile offenders, our legislature has not included this feature in our statute, and it is not our function to amend it. We also note that the proceedings in adult court afforded Behl all the constitutional rights granted to a person charged with a criminal offense, including that of a jury trial. If Behl were adjudicated under the juvenile system, some constitutional protections afforded him would

---

1. Mich.Comp.Laws 769.1 § 1(3) [M.S.A. § 28.1072] provides, in part:

  (3) A judge of a court having jurisdiction over a juvenile shall conduct a hearing at the juvenile's sentencing to determine if the best interests of the juvenile and the public would be served by placing the juvenile on probation

and committing the juvenile to a state institution or agency \* \* \*.

  \*    \*    \*    \*    \*    \*

  (4) \* \* \* [T]he court may waive the hearing required under subsection (3) \* \* \* but shall not impose any other sentence provided by law for an adult offender.

have been unavailable.[2] We conclude, therefore, that Behl has not shown that Minn.Stat. §§ 260.015, subd. 5(b), and 260.111, subd. 1(a), unconstitutionally fail to provide him due process and equal protection of the law by allowing the adult court to retain jurisdiction for sentencing.

Behl's argument that Minn.Stat. § 260.015 violates the separation of powers doctrine is also without merit. The trial court found that "the prosecutor's discretion (to charge a juvenile) is tempered by the fact that he does not make the ultimate decision on whether first degree murder will be charged; [t]hat final decision is made by a grand jury" (a judicial body). We agree with the trial court and hold that because the role of the prosecutor is purposely limited by the authority of a judicial body, the statute does not unconstitutionally violate the separation of powers doctrine. *See In re Welfare of L.J.S.*, 539 N.W.2d 408 (Minn.App.1995), *review denied* (Minn. Jan. 25, 1996).

## II.

Behl argues that the reasons stated by the trial court in determining that an upward sentencing departure was warranted are not substantial and compelling. Behl further argues that the sentence he received was unfair because it was more severe than that which would have been given a juvenile offender convicted of a more serious crime in juvenile court.

The Minnesota Sentencing Guidelines provide a non-exclusive list of factors to be used when determining whether a departure is warranted. Minn.Sent.Guidelines II. D.103(2); *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985). In deciding whether to depart, the sentencing court must decide whether the defendant's conduct is more or less serious than that typically involved in the commission of the crime in question. *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984). "Invasion of a victim's zone of privacy, the home and curtilage, is an aggravating factor to consider for an upward departure." *State v. Hart*, 477 N.W.2d 732, 740 (Minn.

App.1991), *review denied* (Minn. Jan. 16, 1992). Failure to render aid to the victim is also an aggravating factor that the court may consider when deciding whether to depart. *State v. Jones*, 328 N.W.2d 736, 738 (Minn. 1983). Minnesota courts have also recognized that laying blame on another person for the crime committed can be an aggravating factor. *State v. Elkins*, 346 N.W.2d 116, 119 (Minn.1984). "[T]o be the basis for a downward departure, a factor must tend to excuse or mitigate the offender's culpability for the offense." *State v. Esparza*, 367 N.W.2d 619, 621 (Minn.App.1985).

The trial court considered four factors in deciding whether to depart upwardly in sentencing: (1) Behl entered the victim's bedroom and shot him within his personal zone of privacy; (2) Behl failed to render or call for help; (3) at trial, Behl tried to blame the shooting on the victim's brother; and (4) Behl stole the victim's truck to avoid capture after the shooting. Based on Behl's overall conduct, the trial court concluded that an upward sentencing departure was warranted.

On review of the record, we believe that the sentencing order was both thoughtful and comprehensive. We do not perceive any factors mitigating Behl's culpability overlooked by the trial court. It is true that the victim was shot while in his zone of privacy, that Behl stole the victim's truck to avoid capture, and that at trial he tried to blame another for the shooting. We note the trial court found that, given Behl's attitude, his failure to render assistance to the victim was a significant factor. Because the victim apparently died instantaneously, we assign little, if any, weight to that factor.

We believe, however, that three of the four factors withstand scrutiny and clearly justify a departure from the sentencing guidelines. We conclude, therefore, that the sentence was not disproportionate to the offense, and the trial court did not err in imposing a 25–percent upward durational departure.

---

**2.** We recognize that a juvenile may be afforded a jury trial pursuant to Minn.Stat. § 260.126, subd. 1(2), where the prosecutor elects to extend juvenile court jurisdiction; however, because Behl was never under the jurisdiction of the juvenile court, we need not address this issue.

## III.

 Behl argues that the trial court erred by finding that possession of the short-barreled shotgun was not part of a single course of conduct and that this error inappropriately increased his overall executed sentence.

 When determining whether two non-intentional or a non-intentional and an intentional crime are part of the same course of conduct, the court must analyze all the facts to determine whether the offense arose out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment. *State v. Gibson*, 478 N.W.2d 496, 497 (Minn. 1991). Possession of a short-barreled shotgun and manslaughter are two separate offenses. *See* Minn.Stat. §§ 609.205, 609.67, subd. 2 (1994).

On review of the record, we believe there is sufficient evidence to support the trial court's finding. Behl was in possession of the shotgun and sawed off the barrel several days before the shooting. Furthermore, a manslaughter conviction can be upheld without utilization of a shotgun to commit the crime, just as one can be found to be in possession of a short-barreled shotgun without having committed manslaughter with it. *See* Minn.Stat. § 609.205 (1994). We conclude, therefore, that because possession of the shotgun and manslaughter are separable offenses and did not, in this case, manifest an indivisible state of mind or coincident errors of judgment, the trial judge was at liberty to sentence as he did.

## DECISION

Behl's motions to remand his case to juvenile court for sentencing and for a downward sentencing departure were properly denied. There was statutory authority establishing the trial court's jurisdiction to sentence and ample evidence in the record supporting the trial court's upward durational departure from the guidelines.

**Affirmed.**