STATE of Minnesota, Respondent,

v.

Donn Harvey BEHL, II, Appellant

No. C0-97-1903.

Court of Appeals of Minnesota.

Jan. 13, 1998.

Review Denied March 19, 1998.

Thomas E. Gorman, Patrick J. Arendt, Gorman & Gorman, Ltd., Red Wing, for appellant.

Hubert H. Humphrey III, Attorney General, Stephen N. Betcher, Goodhue County Attorney, Stephen F. O'Keefe, Assistant County Attorney, for respondent.

Considered and decided by HARTEN, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Donn Harvey Behl II was convicted of second-degree manslaughter under Minn.Stat. § 609.205(1) (1994). He argues that the trial court erred in refusing to hear mitigating evidence at his resentencing hear-

ing and in sentencing him to an upward durational departure. We affirm.

## FACTS

The facts of this case are set forth in Behl's previous appeals, *State v. Behl,* 547 N.W.2d 382 (Minn.App.1996) (*Behl I*) and *State v. Behl,* 564 N.W.2d 560 (Minn.1997) (*Behl II*). In *Behl II,* the supreme court affirmed the district court's jurisdiction over the murder and manslaughter charges against Behl, a juvenile at the time of the offense, but held that since the charge of possession of a shotgun was not part of that conduct, the district court had no jurisdiction in that matter. *Id.* at 569. The court therefore reversed the conviction for possession of a shotgun and remanded for resentencing based upon zero criminal history points. The court specifically noted that the trial court

> can consider all the circumstances, including the fact that the defendant utilized a short-barrelled shotgun in the killing and any other factors that would support either an upward or downward departure from the sentencing guidelines.

*Id.* (footnote omitted).

On July 18, 1997, Behl appeared before the trial court for resentencing. The court asked for additional testimony concerning the effect of carrying a short-barrelled shotgun, but barred new testimony on any other matters, although counsel for Behl made an offer of proof. Both counsel were allowed to argue regarding the sentence. After argument, the court stated its intent to once again depart upward, and imposed a sentence of 72 months, a 50 percent upward durational departure. The court based its departure on the following grounds: (1) the victim was killed while in his zone of privacy; (2) Behl used an illegal weapon in committing this offense; (3) Behl stole the victim's truck in order to flee; and (4) Behl attempted to blame the victim's brother for the shooting. The court specifically found that the facts of the case were more serious than those of a typical second-degree manslaughter. In this appeal, Behl argues that the trial court erred in failing to accept new evidence of mitigating factors and in departing upwardly.

## ISSUES

I. Did the trial court abuse its discretion in refusing to consider new evidence relating to Behl's post-offense behavior?

II. Did the trial court abuse its discretion in sentencing Behl to 72 months in prison, an upward durational departure of 50 percent?

## ANALYSIS

### I.

■ Behl argues that the trial court abused its discretion in refusing to hear further evidence relating to mitigating factors at his resentencing. Specifically, he sought to introduce evidence concerning his progress since incarceration, new psychological evidence, new evidence from the sentencing guidelines and commission reports, and a civil case involving restitution. At oral argument, he acknowledged that none of the evidence in the offer of proof is offense-related, but rather concerns his post-offense conduct. However, none of these matters are relevant to a decision for durational departure.

■ In *State v. Herrmann,* 479 N.W.2d 724, 728–29 (Minn.App.1992), *review denied* (Minn. Mar. 19, 1992), this court held that as to duration, a sentencing court must "analyze the act as compared with other acts constituting the same offense." A court must not focus on a defendant's amenability to treatment or probation, or speculate about a defendant's future conduct or background. Likewise, in *State v. Chaklos,* 528 N.W.2d 225 (Minn.1995), the supreme court stated:

> As a general rule, the *offender*-related factor of particular unamenability to treatment in a probationary setting may be used to justify a dispositional departure in the form of execution of a presumptive-stayed sentence but may not be used to support an upward durational departure. On the other hand, *offense*-related aggravating factors may be used to support not only such a dispositional departure but, alternatively, an upward durational departure.

*Id.* at 228 (citations omitted) (emphasis in original).

We therefore conclude that the trial court properly refused to accept further evidence that had no bearing on the basis for durational departure.

## II.

Behl argues that the trial court abused its discretion in departing upwardly. Behl was originally sentenced to 72 months, an upward departure of 25 percent from the presumptive sentence of 58 months, based upon one criminal history point. After this conviction was vacated, he was resentenced to 72 months, an upward departure of 50 percent from the presumptive sentence of 48 months, based upon zero criminal history points.

■■■ In the presence of aggravating or mitigating circumstances, a trial court has broad discretion to depart from the presumptive sentence under the guidelines. *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). Absent clear abuse, the decision to depart rests within the trial court's discretion. *State v. Givens*, 544 N.W.2d 774, 776 (Minn.1996) (citing *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981)). The reviewing court will overturn the decision of the trial court upon reaching a "collegial conclusion" that a sanction is disproportional to the severity of the crime. *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981).

■■■ The rule in Minnesota is that the trial court must provide written reasons when departing from the presumptive sentence. Minn. Sent. Guidelines II.D; *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985). In order to depart, the court must find that the conduct involved was more or less serious than that typically involved in the commission of that crime. *State v. Ford*, 539 N.W.2d 214, 229–30 (Minn.1995), *cert. denied*, 517 U.S. 1125, 116 S.Ct. 1362, 134 L.Ed.2d 529 (1996).

■■■ The trial court based departure on four grounds: (1) the victim was killed while in his zone of privacy; (2) Behl attempted to blame another person for the shooting; (3) Behl stole the victim's truck in order to flee; and (4) Behl used an illegal weapon in committing the crime. Some of these factors have been approved as bases to depart. For example, in *State v. Back*, 341 N.W.2d 273, 276–77 (Minn.1983), and *State v. Esler*, 553 N.W.2d 61, 64 (Minn.App.1996), *review denied* (Minn. Oct. 15, 1996), the departures are based, in part, on the fact that the crimes occurred in the victims' zones of privacy. Similarly, in *Chaklos*, 528 N.W.2d at 228 and *State v. Elkins*, 346 N.W.2d 116, 119 (Minn. 1984), the defendants' actions in blaming others were used to justify the departures.

In *Behl I*, 547 N.W.2d at 386, this court approved the first three factors as appropriate bases for departure. Although this matter was remanded on other grounds for resentencing in *Behl II*, the supreme court did not disapprove of the durational departure or the reasons given for departure, but specifically mentioned that the use of the shotgun could be considered as an aggravating factor supporting departure. *Behl II*, 564 N.W.2d at 569–70. We agree and conclude that the use of an illegal weapon renders this crime more serious than others of a similar nature, and that this is an appropriate bases for departure.

■■■ We are not persuaded by Behl's argument that by sentencing him to the same prison term upon remand, after correction of the criminal history score, the trial court aggravated the criminality of his crime. This court may overturn the trial court's decision only if we have a strong feeling that the sentence is disproportional. *See Schantzen*, 308 N.W.2d at 487. Absent a clear abuse of discretion, the decision to depart rests within the trial court's discretion. *Garcia*, 302 N.W.2d at 647. The trial court has articulated sufficient bases for departure, while remaining within the assumed ceiling of double the presumptive sentence, as set out in *State v. Evans*, 311 N.W.2d 481 (Minn.1981). We find no support for Behl's argument that the percentage of departure must remain proportional upon resentencing.

## DECISION

The trial court properly refused to consider mitigating, offender-related evidence in imposing a sentence that amounted to an upward durational departure. The trial court did not abuse its discretion in imposing

a 50 percent upward durational departure, based on aggravating factors in the commission of the offense.

**Affirmed.**