*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0408**

State of Minnesota,
Appellant,

vs.

Misty Dawn Dyrdahl,
Respondent.

**Filed July 20, 2015**
**Affirmed**
**Stauber, Judge**

Clearwater County District Court
File No. 15CR14332

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard Mollin, Clearwater County Attorney, Bagley, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant State Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Rodenberg, Judge; and Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**STAUBER**, Judge

In this sentencing appeal, the state argues that the district court abused its discretion by sentencing respondent to a downward durational departure following her conviction of fourth-degree controlled-substance crime. We affirm.

## FACTS

Respondent Misty Dyrdahl was charged with two counts of controlled-substance crime in the fourth degree in violation of Minn. Stat. § 152.024, subd. 1(1) (2012), after she allegedly sold a total of 72 Adderall capsules to a confidential reliable informant on two separate occasions on September 27, 2013. Respondent subsequently pleaded guilty to one count of fourth-degree controlled-substance crime, and, in exchange for her guilty plea, the second count was dismissed. At sentencing, respondent moved for a downward durational departure. The district court granted the motion and imposed a one-year gross-misdemeanor sentence with all but fifteen days stayed and two years of supervised probation. This sentencing appeal followed.

## DECISION

The state challenges the district court's decision to depart from respondent's presumptive sentence. "The district court must order the presumptive sentence provided in the sentencing guidelines unless substantial and compelling circumstances warrant a departure." *State v. Pegel*, 795 N.W.2d 251, 253 (Minn. App. 2011) (quotation omitted). Substantial and compelling circumstances are those that make the case atypical. *Taylor v. State*, 670 N.W.2d 584, 588 (Minn. 2003). The decision whether to depart rests in the

district court's discretion, and we will not reverse absent an abuse of that discretion. *Pegel*, 795 N.W.2d at 253.

The presumptive sentence for respondent's offense is a felony sentence, but the sentence imposed by the district court is a gross-misdemeanor sentence. *See* Minn. Stat. § 609.02, subds. 2-4 (2012) (defining "felony" as "a crime for which a sentence of imprisonment for more than one year may be imposed," and gross misdemeanor as a crime with a sentence between 91 and 365 days); *see also* Minn. Stat. §§ 609.135, subd. 2(c) (stating that a probationary stay for a gross misdemeanor "shall be for not more than two years"), .13, subd. 1 (2012) (stating that if a defendant is convicted of a felony but a gross misdemeanor sentence is imposed, "the conviction is deemed to be for a . . . gross misdemeanor"). The imposition of a gross-misdemeanor sentence for a felony conviction is a downward durational departure. *State v. Bauerly*, 520 N.W.2d 760, 762 (Minn. App. 1994) (stating that gross-misdemeanor sentence imposed that was only one day less than presumptive felony sentence constituted a downward durational departure), *review denied* (Minn. Oct. 27, 1994).

Offender-related factors may justify a dispositional departure, but may not be used to support a durational departure. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995). Offense-related factors may support a durational departure. *Id.* In considering a motion for a durational departure, a district court must examine "whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984). That "[t]he offender played a minor or passive role in the crime" is a mitigating factor

upon which a district court may base a sentencing departure. Minn. Sent. Guidelines

2.D.3.a.(2) (2013).

In *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985), the Minnesota Supreme

Court provided a framework for reviewing departure decisions by the district court. That

decision provides:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

*Id.*

Here, in sentencing respondent, the district court found that she "has a minimal

record, but no prior felonies. She would appear to be amenable to probation. And again,

the circumstances of this particular case."

The state argues that the district court abused its discretion when it sentenced

respondent to a downward durational departure because it based the departure on

offender-related factors rather than offense-related factors. We acknowledge that the

district court considered respondent's age, her lack of a prior felony record, and her

4

amenability to probation as bases supporting the departure. These factors are offender-related and must not be "focus[ed] on" to support a durational departure. *See State v. Behl*, 573 N.W.2d 711, 713 (Minn. App. 1998), *review denied* (Minn. Mar. 19, 1998); *see also Bauerly*, 520 N.W.2d at 762 (holding that age and lack of felony record are not valid bases for durational departures).

However, the district court also cited the "circumstances of this particular case" as a basis for the departure. The circumstances of this particular case as set forth in the presentence investigation report are: (1) respondent was 19 at the time of the offense; (2) she was dating an individual who was using drugs; (3) respondent and her boyfriend were living with a friend; (4) respondent was diagnosed with Attention Deficit Disorder for which she is prescribed Adderall; (5) respondent's boyfriend "wanted" her to sell her Adderall to get money for rent and food; and (6) she complied even though she knew it was wrong. These circumstances reflect that respondent was lawfully in possession of her prescription drugs, but sold them at the direction of her boyfriend for his profit. And at sentencing, it was established that respondent's offense was a "onetime . . . incident that was brought on by the company that she was keeping at the time." As the district court's findings indicate, the "circumstances of this particular case" demonstrate that respondent's conduct was significantly less serious that the typical fourth-degree controlled substance offense. *See State v. Bendzula*, 675 N.W.2d 920, 924 (Minn. App. 2004) (affirming downward durational departure where the district court considered factors demonstrating that the case did not depict the "typical controlled substance crime" (quotations omitted)). Although the district court relied, in part, on improper reasons to

5

support the downward departure, the record contains appropriate reasons for a departure. *See Williams*, 361 N.W.2d at 844 (stating that as long as the district court expressly finds, or the record contains, appropriate reasons for a departure, a district court's reliance on other improper reasons does not make the ultimate sentencing departure an abuse of its discretion). Accordingly, the district court did not abuse its discretion by sentencing respondent to a downward durational departure.

**Affirmed.**