*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1689**

State of Minnesota,
Respondent,

vs.

Dennis Ervin Carter,
Appellant.

**Filed November 14, 2016
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-CR-14-15102

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Rick L. Petry, The Petry Law Firm, Ltd., Minneapolis, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Following an *Alford* plea to second-degree attempted murder, appellant moved for a downward dispositional or a downward durational departure. Appellant challenges the

district court's denial of his motions when it imposed the presumptive guidelines sentence of 153 months. We affirm.

**FACTS**

On August 20, 2014, appellant Dennis Ervin Carter and the victim, D.A., were travelling in appellant's vehicle to the Renaissance Festival to pick up marijuana. When D.A. got out of the vehicle and walked toward the festival gate, appellant shot D.A. in the back of the left side of his neck. The bullet went through D.A.'s mouth and exited through his right sinus. D.A. fled to a nearby campground to seek help. When law enforcement arrived, D.A. reported that appellant had shot him and that he was driving a white four-door vehicle.

Soon after the shooting, appellant's vehicle was pulled over by law enforcement. A bullet was found at the festival entrance, and forensics matched it to a gun found on the side of the road where law enforcement had stopped appellant's vehicle. DNA testing revealed that D.A.'s blood was on the shirt that appellant was wearing at the time of his arrest. Law enforcement discovered D.A.'s blood in appellant's vehicle, as well as a tarp taped in the back of the vehicle, a shovel, and bloody garden gloves in the front seat. The garden gloves were lined with surgical gloves. DNA testing revealed that D.A.'s blood was on the outside of the garden gloves, and appellant's DNA was on the inside of the surgical gloves. There was also a clean set of clothes in the vehicle.

Appellant was charged with first-degree attempted murder, second-degree attempted murder, first-degree assault, and fleeing in a motor vehicle. Interestingly, the parties proceeded with an *Alford* plea to second-degree attempted murder despite

2

appellant's claims of self-defense.[1]    Appellant then participated in a presentence investigation (PSI).  The PSI noted that appellant "adamantly denies" intent to commit murder and claims "self-defense while fearing for his life due to an alleged pattern of threats perpetrated by [D.A.]."  The PSI concluded that appellant's "version of the offense implies an apparent lack of accountability," and that appellant's "inability to accept responsibility for this crime" was a potential aggravating factor.  The PSI recommended the 153-month presumptive guidelines sentence.

Appellant moved for a downward dispositional or, in the alternative, a downward durational departure.  A sentencing hearing was held and appellant requested that he either be placed on probation or that he be sentenced to only the mandatory minimum sentence of three years for an offense involving a firearm.  *See* Minn. Stat. § 609.11, subd. 5 (2014).  Both appellant and the state presented written and oral arguments to the district court.  Appellant also submitted a number of letters written on his behalf, and he, along with six friends or relatives, made statements in support of a downward departure. The district court denied appellant's motions and imposed the 153-month presumptive guidelines sentence.

This appeal follows.

---

[1] A defendant who enters an *Alford* plea maintains his innocence, but pleads guilty because the record establishes, and he reasonably believes, that the state has sufficient evidence to obtain a conviction.  *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)).

## D E C I S I O N

### I. The district court did not err by failing to issue a written explanation when it denied appellant's departure motions.

"We afford the trial court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). Appellant argues that the district court failed to properly consider his departure motions because it did not issue written findings of fact and conclusions of law in support of its decision to impose the presumptive guidelines sentence. He asserts that the district court's failure to issue a written explanation violated Minn. Stat. § 244.10, subd. 1 (2014), and establishes that the district court did not properly consider his motions. Appellant asks this court to remand this case to the district court for resentencing so it can properly consider his motions and issue a written explanation. However, the district court is only required to issue written findings under Minn. Stat. § 244.10, subd. 1, if it exercises its discretion by departing from the presumptive guidelines sentence. *State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011) (noting that if a district court considers the reasons for departure but chooses not to depart, an explanation is not required); *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985); *State v. Curtiss*, 353 N.W.2d 262, 263 (Minn. App. 1984).

Here, the record shows that the district court considered numerous documents, written and oral arguments, statements made in support of appellant, appellant's

4

allocution, and the relevant law before ruling, as it was required to do.[2] *Pegel*, 795 N.W.2d at 254. The district court then exercised its discretion by declining to depart and stated its rationale on the record. Because the district court imposed the presumptive guidelines sentence, there is no requirement that it issue a written explanation of its decision. We conclude that the district court properly considered appellant's departure motions and that remand is unnecessary.

## II. The district court did not abuse its discretion when it denied appellant's downward departure motions.

"A sentencing court 'must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances' that distinguish a case and overcome the presumption in favor of the guidelines sentence." *Soto*, 855 N.W.2d at 308 (quoting Minn. Sent. Guidelines 2.D.1 (2012)); *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989). The district court may order a departure from the presumptive guidelines sentence if the case involves "substantial and compelling circumstances" to warrant the departure. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). Substantial and compelling circumstances are those that make a case atypical. *Taylor v. State*, 670 N.W.2d 584, 589 (Minn. 2003). This court will only reverse a sentencing court's refusal to depart in a "rare" case. *Kindem*, 313 N.W.2d at 7.

---

[2] At oral argument, appellant argued that the district court failed to consider over 1,000 pages of text messages containing threats sent by D.A. to third parties. These text messages were never part of the district court record and this issue is not before this court on appeal. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). Furthermore, the district court allowed appellant to describe the contents of the text messages on the record and accepted his characterization of their contents as true without objection by the state.

When considering a downward dispositional departure, a district court may consider both offender and offense-related factors. *State v. Behl*, 573 N.W.2d 711, 713 (Minn. App. 1998) (citing *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995)). When considering a downward durational departure, a district court is limited to consideration of offense-related factors. *State v. Peter*, 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). But even if factors are present to support a downward dispositional or downward durational departure, the district court is not required to depart. *Pegel*, 795 N.W.2d at 253-54 (citing *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984)).

## A. Downward dispositional departure.

Appellant argues that the district court abused its discretion when it denied his motion for a downward dispositional departure. Appellant asserts that he should have been placed on probation because he is amenable to probation, he has been cooperative and well-behaved since his arrest, he has shown remorse for his first felony conviction, and because D.A. was the initial aggressor.

At sentencing, the district court reviewed the documents, arguments, and statements before it and concluded that there were no "legally compelling or substantial circumstances that would cause [the court] to depart from the guidelines sentence in this matter." The district court considered evidence of factors that could have supported a departure if they had been substantial or compelling, such as appellant's asserted amenability to probation, his lack of previous felony convictions, his good behavior in jail, the support of his friends and family, his asserted remorse, and D.A.'s alleged

6

aggression, but concluded that a departure was not warranted. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). The district court's conclusion that substantial and compelling circumstances do not exist in this case reflects its determination that this case is not the "rare" or "atypical" case meriting departure. *Taylor*, 670 N.W.2d at 589; *Kindem*, 313 N.W.2d at 7. After reviewing the record, we conclude that the district court properly considered the circumstances of this case and it properly exercised its discretion when it denied appellant's motion for a downward dispositional departure.

### B. Downward durational departure.

Appellant also argues that the district court abused its discretion when it denied his motion for a downward durational departure. Appellant asserts that he is less culpable than the typical offender because his conduct "was significantly . . . less serious than that typically involved in the commission of the crime in question." *See State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984). Appellant argues that D.A. was the initial aggressor and that he accidentally shot D.A. in the back of the head while defending himself. He also claims that D.A. was a drug trafficker and made threats toward third parties.

At sentencing, the district court denied appellant's request for a downward durational departure, noting that, "in looking at the facts and circumstances of this case, the crime that was committed, the plea that was entered, the law does not . . . [consider] those characteristics that [appellant's] supporters spoke [of] . . . as a reason . . . to depart." Here, the district court properly considered the offense committed, the circumstances of that offense, and the factual basis supporting appellant's *Alford* plea, and concluded that appellant was not less culpable than the typical person convicted of second-degree

attempted murder. The district court properly exercised its discretion when it denied appellant's motion for a downward durational departure.

**Affirmed.**