STATE of Minnesota,
Petitioner, Appellant,

v.

Joseph MYERS, Respondent.

No. C3–87–162.

Supreme Court of Minnesota.

Dec. 24, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Marcy S. Crain, Asst. Co. Atty., Anoka, for appellant.

C. Paul Jones, State Public Defender, Catherine Middlebrook, Asst. Public Defender, Minneapolis, for respondent.

AMDAHL, Chief Justice.

The issue on this appeal is whether the value of the property taken may be considered in determining whether or not to depart durationally from the presumptive sentence for the "physical" property offense of possessing stolen property. Holding that it may be considered, we modify the decision of the court of appeals by reinstating the sentence imposed by the trial court.

Joseph Myers was convicted of possessing stolen property valued at $1,000 or more, Minn.Stat. § 609.53, subd. 1(1) (1986), and of a less serious offense, unauthorized use of a motor vehicle. The more serious offense of possessing stolen property is a severity level VI offense when, as here, the property possessed by the defendant in fact is valued at over $2,500.[1] Myers had a criminal history score of eight, including one custody status point, giving him a maximum presumptive sentence of 73 months. Because the value of the stolen property was so high ($99,389 worth of stolen outboard motors), the trial court departed durationally, sentencing Myers to 109 months, approximately 1½ times the maximum presumptive sentence duration. The court of appeals affirmed Myers' conviction against a number of challenges by Myers but reduced the sentence to 73 months, holding that the departure was unjustified. *State v. Myers*, 413 N.W.2d 122, 126–27 (Minn.App.1987). We granted the state's petition for review and denied Myers' cross-petition.

The court of appeals reasoned first that possession of stolen property cannot be a so-called "major economic offense" because an offense can be a "major economic offense" only if it is an offense "committed by other than physical means." 413 N.W. 2d at 126. This is correct. *State v. Carr*, 361 N.W.2d 397 (Minn.1985) (receiving stolen property is not a "nonphysical" economic offense). However, the court of appeals then went on to say that in determining whether to depart durationally in sentencing a defendant for an economic offense committed by physical means, the trial court must "focus on the means of committing the offense," and that the amount of the stolen property received or possessed cannot be used as an aggravating factor. 413 N.W.2d at 127. We believe that this is incorrect.

Like possessing or receiving stolen property, arson is a property offense committed by physical means. As such it technically cannot be a "major economic offense" even if committed for profit (*e.g.*, in order to

---

1. The Sentencing Guidelines make a distinction not made by the statute, classifying the offense as a severity level VI offense rather than a V offense if the stolen property possessed by the defendant is valued at over $2,500. *See State v. Olson*, 379 N.W.2d 524, 527 (Minn.1986).

defraud an insurance company). That, however, has not prevented us or the court of appeals from looking beyond the "means" by which the defendant committed the offense in order to determine whether or not a departure is justified. The leading arson case involving a departure is *State v. Broten*, 343 N.W.2d 38 (Minn.1984). There we said that "[t]he general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." 343 N.W.2d at 41. As *Broten* makes clear, the sentencing court is not confined to looking at the means by which the defendant committed the offense but may also look to the resulting damage or loss. In *Broten* we upheld the departure because the fire directly affected a lawyer, the publisher of the town newspaper, and the owner of a restaurant and indirectly affected the clients of the lawyer, the patrons of the restaurant, and readers of the newspaper (the publication of which was disrupted). And see *State v. Hagen*, 361 N.W.2d 407, 414 (Minn.App. 1985), *petition for review denied* (Minn. 1985), a case of arson in the second degree in which the court of appeals based its conclusion that the conduct associated with the arson was particularly serious in part on the value of the property destroyed, a $70,000 house.

A durational departure is similarly justified in a case of receiving or possessing stolen property if the conduct underlying the offense is substantially more serious than that typically associated with the commission of the offense. *See, e.g., Carr*, 361 N.W.2d at 402 (upholding durational departure in receiving stolen property case because defendant paid for stolen property with drugs). In such a case, as in the case of arson and other property offenses committed by physical means, we believe the trial court may consider the value of the property taken or damaged in determining whether or not to depart durationally.

In this case the value of the stolen property possessed by Myers was just under $100,000 or approximately 40 times the minimal amount needed to increase the offense from a severity level V offense to a severity level VI offense (see footnote 1). We believe that this makes this case of possessing stolen property sufficiently atypical to justify the limited durational departure of 1½ times the maximum presumptive sentence. Accordingly, we modify the decision of the court of appeals by reinstating the sentence imposed by the trial court.

Affirmed as modified.

WAHL, J., dissents.

POPOVICH, J., took no part in the consideration or decision of this case.

WAHL, Justice (dissenting).

I respectfully dissent because there are not, in this case, the "substantial and compelling circumstances" which we have held necessary to justify a trial court's departure from the presumptive sentence and which the Sentencing Guidelines require for that purpose. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). The trial court here specifically found that Myer's offense of possession of stolen property was not a major economic offense, a factor which, if found, may be used for departure. Minnesota Sentencing Guidelines, II.D. 2.(b)(4). There are no other factors which make the offense any more serious than the typical offense of possession of stolen property. Nor was the value of the stolen property a loss to its owners as the stolen property was all recovered and returned to the owners.

The use of the monetary value of the loss of property to justify an upward departure has been upheld in arson cases, *State v. Broten*, 343 N.W.2d 38 (Minn.1984), *State v. Hagen*, 361 N.W.2d 407 (Minn.Ct.App. 1985), but its use is not appropriate in this possession of stolen property case. The drafters of the Guidelines and of Minn.Stat. 609.53 have already taken into account the differing amounts of money involved in determining the relevant penalties and severity levels of such offenses and in setting the presumptive sentences. The serious-

ness of Myer's crime and his criminal history are reflected in the fact that with a severity level VI crime and a criminal history score of 6 or more, his presumptive sentence is the highest on the Sentencing Guidelines Grid for a property-type offense. To further use the monetary value of the stolen property as an aggravating factor to support an upward departure is neither appropriate nor fair. I would affirm the decision of the court of appeals reducing the sentence to the presumptive term of 73 months.