**STATE of Minnesota, Appellant,**

v.

**Jody Ann BAUERLY, Respondent.**

**No. C4–94–819.**

Court of Appeals of Minnesota.

Aug. 30, 1994.

Review Denied Oct. 27, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Roger S. Van Heel, Stearns County Atty., Mary Yunker, Asst. County Atty., St. Cloud, for appellant.

John Stuart, State Public Defender, Leslie J. Rosenberg, Sp. Asst. State Public Defender, University of Minnesota, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

The state appeals from a sentence imposed on respondent Jody Ann Bauerly for felony theft. Minn.Stat. § 609.52, subds. 2(1), 3(3)(a) (1992). We affirm.

## FACTS

Respondent Jody Ann Bauerly pleaded guilty to one count of felony theft for stealing money from her employer, a St. Cloud Musicland store. Bauerly admitted that she had been taking cash refunds and writing fictitious return slips from January 1993 to July 1993. The plea agreement called for Bauerly to plead guilty to the felony theft as charged

and receive a stay of imposition with a cap of 15 days on probationary jail time. The presentence investigation (PSI) noted that the presumptive sentence for a defendant with Bauerly's criminal history score of zero was a stayed sentence of a year and a day. The PSI recommended a stay of imposition, with 10 days of probationary jail time.

At the sentencing hearing, the prosecutor supported the recommendation in the PSI, noting it was within the terms of the plea agreement. Defense counsel expressed a concern that Bauerly should not acquire a felony record. The court discussed either sentencing Bauerly to a stay of imposition or giving her a sentence within the limits for a gross misdemeanor. The prosecutor objected to sentencing the offense as a gross misdemeanor and stated that would be a downward departure requiring grounds for departure. The court continued the sentencing to allow the parties to prepare arguments on a downward departure.

At the second sentencing hearing, the court stated it didn't think Bauerly should have a felony record because of the offense. The court sentenced Bauerly to a suspended term of one year, with conditions of probation. In a sentencing order filed later, the court cited a number of reasons for the departure, including Bauerly's age, remorse, lack of a prior record, and willingness to assume responsibility for the offense.

## ISSUE

Did the district court abuse its discretion in departing from the presumptive sentence?

## ANALYSIS

The state argues that the district court abused its discretion in departing from the presumptive sentence. The decision to depart rests generally within the discretion of the district court and will not be reversed absent an abuse of that discretion. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981).

■ The district court sentenced Bauerly to one year (execution stayed). Although this sentence is only one day less than Bauerly would have received under the presumptive felony sentence of a year and a day,

it is a sentencing departure. *State v. Cizl*, 304 N.W.2d 632, 634 (Minn.1981) (citing Minn.Sent. Guidelines cmt. II.C.05); *see also State v. Johnson*, 314 N.W.2d 229, 231 (Minn. 1982) (applying *Cizl*).

■ The district court may depart from the presumptive sentence only if aggravating or mitigating circumstances are present. *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989). We agree with the state that Bauerly's age, one of the factors cited by the district court, would be relevant only to a dispositional departure. *See, e.g., State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982). The departure in this case, however, is a durational departure rather than a dispositional departure. The court stayed Bauerly's sentence, which was the presumptive disposition. We also agree with the state that Bauerly's lack of a felony record was already considered in determining the presumptive sentence and is not a proper grounds for departure. *Cizl*, 304 N.W.2d at 634.

The district court also cited as grounds for departure Bauerly's remorse and the fact that the amount of the theft barely exceeded the $500 threshold for felony theft.

■ Remorse, or lack of remorse, generally bears on the defendant's amenability to probation, and is relevant to a dispositional departure. *State v. Back*, 341 N.W.2d 273, 275 (Minn.1983). But,

> there may be cases in which the defendant's lack of remorse could relate back and be considered as evidence bearing on a determination of the cruelty or seriousness of the conduct on which the conviction is based.

*State v. McGee*, 347 N.W.2d 802, 806 n. 1 (1984). As this comment indicates, remorse or lack of remorse is most relevant in sentencing for crimes against the person or crimes affecting the safety of others. *See id.* at 806 (defendant convicted of criminal negligence resulting in death had driven away from scene). Lack of remorse may be considered, however, in departing on a property offense. *See State v. Fett*, 414 N.W.2d 783, 784 (Minn.App.1987) (noting defendant's lack of remorse for swindling 80–year–old victim in support of dispositional departure), *pet. for*

*rev. denied* (Minn. Dec. 22, 1987). The district court properly considered Bauerly's remorse as relating back to the seriousness of her offense, and helping to support the downward durational departure.

The complaint charged Bauerly with stealing $671 from Musicland, a figure later changed to $854 in the request for restitution. The state argues that the $670–850 range of loss involved here is not "substantially" or "significantly" less than that involved in the typical Severity Level III felony theft, and therefore does not support the departure.

 The value of the property Bauerly stole is a relevant factor to consider in a durational departure. *See State v. Myers,* 416 N.W.2d 736, 738 (Minn.1987) (upward departure was proper where defendant possessed stolen property valued at $100,000, which was 40 times the minimum amount). The test is whether the value of the property is *"substantially* or *significantly* more than that involved in the *typical* case" of Severity Level III felony theft. *Best,* 449 N.W.2d at 427 (emphasis in original) (involving departure for aggravated criminal damage to property).

The range of monetary value for Severity Level III theft extends only from $500 to $2,500. *See* Minn.Stat. § 609.52, subd. 3(3)(a); Minn.Sent. Guidelines V (Offense Severity Reference Table). This limited range leaves no room for a difference in value as dramatic as in *Myers* or similar cases involving upward departures. *See, e.g., State v. Harstad,* 397 N.W.2d 419, 421–22 (Minn.App. 1986) (upward departure where thefts exceeded $130,000). We believe, however, that there should be some room for mitigation of felony thefts such as Bauerly's. The legislature has determined that $500 is an amount sufficiently significant that a theft in that amount is treated as a felony offense. We conclude on the facts of this case that Bauerly's offense, a theft which is more than $500 below the mid-range for a Severity Level III theft, is "significantly" less serious than the typical offense.

Bauerly's remorse and the significantly lower amount of property involved adequately support the minimal downward departure imposed. Therefore, we need not consider the other factors cited by the district court, or the state's assertion that the court impermissibly relied on its own disagreement with the sentencing guidelines in departing. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985) (departure will be affirmed, despite improper reasons, if record adequately supports departure).

Bauerly has moved for an award of attorney fees incurred in responding to this appeal. A defendant is entitled to reasonable attorney fees in responding to a pretrial appeal. Minn.R.Crim.P. 28.04, subd. 2(6). The same rule now applies in postconviction appeals filed by the state. Minn.R.Crim.P. 28.04, subd. 6(3). There is no provision, however, for an award of attorney fees in sentencing appeals. *See* Minn.R.Crim.P. 28.05. Bauerly's motion for attorney fees is denied.

## DECISION

The district court did not abuse its discretion in imposing a downward durational departure.

**Affirmed.**