*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1983**

State of Minnesota,
Appellant,

vs.

Shannon Marie Kiesner,
Respondent.

**Filed May 18, 2015
Reversed and remanded
Peterson, Judge**

Ramsey County District Court
File No. 62-CR-14-2413

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura S. Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Mark D. Nyvold, Fridley, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this sentencing appeal, the state argues that the district court abused its discretion when it imposed a downward durational departure from the presumptive sentence without making offense-related findings that respondent's conduct was

significantly less serious than the typical first-degree criminal-damage-to-property offense. We reverse and remand.

## FACTS

E.G. was at home with her three young children when she heard a noise and went to investigate. A woman whom E.G. had never seen before, later identified as respondent Shannon Marie Kiesner, was standing outside E.G.'s back door. E.G. told respondent to leave, but respondent, who was screaming and appeared to be very angry, began breaking a window to enter the home. When respondent began breaking the window, E.G. hid in a bathroom with her youngest child and called 911.

Respondent entered the home and went into the basement where E.G.'s nine-year-old daughter was sleeping. Respondent grabbed the girl around the neck and screamed at her. Respondent also grabbed a lamp and hit the wall and smashed things with it.

Police arrived and arrested respondent. Respondent stated that she had quarreled with her boyfriend and admitted that she had been drinking. She stated that she had not intended to harm the family and that she had very little recollection of the incident. During the incident, respondent broke a door and window, causing about $2,800 in damage.

Respondent was charged with one count of first-degree criminal damage to property in violation of Minn. Stat. § 609.595, subd. 1(3) (2012) (intentionally damaging another person's property if damage reduces property's value by more than $1,000 as measured by cost of repair and replacement). Appellant pleaded guilty to the charge and moved for a downward sentencing departure. At the sentencing hearing, defense counsel

2

stated that the offense occurred when respondent had a relapse following treatment for alcohol abuse, that respondent had not consumed any alcohol since the offense, that she was currently attending alcoholics anonymous two or three times a week as well as participating in other support groups, and that she had signed up for a relapse-prevention program at Hazelden. Defense counsel requested a gross-misdemeanor disposition, noting that during plea negotiations, he and the prosecutor had discussed treating the offense as a gross misdemeanor if respondent paid restitution up front, which she did. The state requested a stay of imposition of sentence with a five-year probationary period.

The presumptive sentence for respondent's offense was a stayed term of one year and one day in prison. Minn. Sent. Guidelines IV-V (2012). The district court sentenced respondent to a stayed term of 364 days in jail and placed her on probation for two years. The court stated:

> [T]he record should reflect, first of all, that you [pleaded] guilty at the first opportunity. You [pleaded] guilty early, you saved the State and the victims the difficulty of going through a trial. You have exhibited remorse. And this is the kind of case that would typically be handled in a diversionary disposition. Typically, a Criminal Damage to Property charge where there is no prior felony level activity, typically these matters would be referred to diversion. I am not sure why in this case that wasn't considered. But if there was diversion granted you would have potentially ended up with no conviction on your record. The plea agreement recommendation is for a stay of imposition which ultimately would give you only a misdemeanor on your record, and with the gross misdemeanor disposition that's going to be on your record for the rest of your life.
>
> And, so, the court believes that under the circumstances of this case, particularly since you did have potentially a defense of intoxication in this matter, but you

3

have still taken responsibility for your actions, the court is granting a departure from the guidelines.[1]

This appeal followed.[2]

## D E C I S I O N

We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. *State v. Peter*, 825 N.W.2d 126, 129 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). "Departures from the presumptive sentence are justified *only* when substantial and compelling circumstances are present in the record." *State v. Jackson,* 749 N.W.2d 353, 360 (Minn. 2008) (emphasis in original). Offender-related factors are relevant to a dispositional departure, but a durational departure must be supported by offense-related factors. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995); *Peter,* 825 N.W.2d at 130. "[A] downward durational departure is justified if the defendant's conduct is significantly less serious than that typically involved in the commission of the offense." *State v. Mattson*, 376 N.W.2d 413, 415 (Minn. 1985). "If the district court's reasons for departure are improper or inadequate and there is insufficient evidence in the record to justify the departure, the departure will be reversed." *Jackson*, 749 N.W.2d at 357 (quotation omitted).

The presumptive sentence for respondent's offense is a felony sentence, but the sentence imposed by the district court is a gross-misdemeanor sentence. *See* Minn. Stat. § 609.02, subds. 2-4 (2012) (defining "felony" as "a crime for which a sentence of

---

[1] Respondent's sentence was later amended but only as to a probation condition.
[2] Respondent moved to dismiss the appeal based on the state's failure to follow the proper procedure for ordering a transcript; this court denied the motion.

4

imprisonment for more than one year may be imposed" and gross misdemeanor as a crime with a sentence between 91 and 365 days); *see also* Minn. Stat. §§ 609.135, subd. 2(c) (stating that a probationary stay for a gross misdemeanor "shall be for not more than two years"), .13, subd. 1 (2012) (stating that if a defendant is convicted of a felony but a gross misdemeanor sentence is imposed, "the conviction is deemed to be for a . . . gross misdemeanor"). The imposition of a gross-misdemeanor sentence for a felony conviction is a downward durational departure. *State v. Bauerly*, 520 N.W.2d 760, 762 (Minn. App. 1994) (stating that even though gross-misdemeanor sentence imposed was only one day less than presumptive felony sentence, imposed sentence was downward durational departure), *review denied* (Minn. Oct. 27, 1994).

The district court cited respondent's remorse as a factor supporting departure. "As a general rule, a defendant's remorse bears only on a decision whether or not to depart dispositionally, not on a decision to depart durationally . . . ." *State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983). "However, there may be cases in which the defendant's lack of remorse could relate back and be considered as evidence bearing on a determination of the cruelty or seriousness of the conduct on which the conviction was based." *State v. McGee*, 347 N.W.2d 802, 806 n.1 (Minn. 1984). Although *McGee* refers to a lack of remorse, this court has upheld the district court's consideration of a defendant's remorse as relating back to the seriousness of the offense and helping to support a downward durational departure. *Bauerly*, 520 N.W.2d. at 763. But respondent does not explain how her remorse relates back to the commission of her offense, and the record does not show that respondent's remorse made her conduct less serious than that typically involved in

5

the commission of first-degree criminal damage to property. Consequently, the district court erred in relying on respondent's remorse as a factor supporting a downward durational departure.

The district court also listed early resolution of the case, which saved the state and the victims from the difficulty of trial. Because early resolution of a case occurs after commission of the offense, it is not an offense-related factor.

The district court also cited the fact that respondent took responsibility for her actions despite having a potential intoxication defense. Because respondent took responsibility for her actions after commission of the offense, it is not an offense-related factor. And the sentencing guidelines specifically exclude voluntary intoxication as a mitigating factor. Minn. Sent. Guidelines 2.D.3(a)(3) (2012); *see also State v. Cizl,* 304 N.W.2d 632, 634 (Minn. 1981) (stating that a defendant's voluntary intoxication at the time of the offense may not be relied upon as a mitigating factor to justify a downward departure); *State v. Dick,* 638 N.W.2d 486, 493 (Minn. App. 2002) (rejecting defendant's argument that his extreme intoxication at the time of the offenses mitigated their seriousness), *review denied* (Minn. Apr. 16, 2002).

Finally, the district court noted that respondent's offense was the type that would typically be handled by diversion and that the state's recommendation for a stay of imposition would have resulted in respondent having only a misdemeanor on her record if she successfully completed probation, while the sentence imposed will result in respondent have a gross misdemeanor on her record. In *Cizl*, the district court imposed a gross-misdemeanor sentence for a felony offense and stated as a reason supporting

6

departure the court's belief that it was not in the public interest or in the defendant's interest to burden the defendant with a felony record. 304 N.W.3d at 634. The supreme court concluded that this was not a proper mitigating factor. *Id.* The court explained:

> The purpose of the [district court's] departure, which was to avoid burdening the defendant with a felony criminal record, could be substantially accomplished by staying the imposition of sentence rather than by staying execution of sentence. If the court were to use this approach and if defendant successfully completed probation, then (a) under Minn. Stat. § 609.13, subd. 1 (1980) the conviction, although for a felony, would be deemed to be for a misdemeanor, and (b) under Section II.B.1.d and Comment II.B.105 of the Guidelines the offense would be counted as a felony for purpose of computing defendant's criminal history score only for 5 years from the date of discharge or expiration of stay, after which it would be deemed a misdemeanor.

*Id.* (footnote omitted).

Because the reasons stated by the district court for the departure were improper and the record evidence does not justify a downward durational departure, we reverse respondent's sentence and remand for resentencing.

**Reversed and remanded.**