*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0222**

State of Minnesota,
Appellant,

vs.

Parnard Smith, Jr.,
Respondent.

**Filed May 18, 2015
Reversed and remanded
Cleary, Chief Judge**

Ramsey County District Court
File No. 62-CR-14-4173

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Cleary, Chief Judge; Chutich, Judge; and Toussaint, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**CLEARY**, Chief Judge

In this sentencing appeal, the State of Minnesota challenges the district court's decision to grant respondent Parnard Smith, Jr. a downward durational departure of 86 months in prison, from the presumptive 144-month sentence for first-degree criminal sexual conduct. Because the district court improperly relied on offender-related, rather than offense-related, factors to support the durational departure and because the court did not rule on respondent's request for a dispositional departure, we reverse and remand.

**FACTS**

According to the complaint, police were summoned to an elementary school on June 5, 2014, after a seven-year-old reported to a social worker that she had been raped the previous evening by respondent and that she wanted to run away. The child indicated that she had been living with respondent and her aunt, who was respondent's girlfriend, for most of her life. The child considered respondent to be like an uncle.

Respondent initially denied the child's accusations, but when confronted with the child's story and corroborating physical evidence, he eventually confessed. Although respondent admitted that he had sex with the child on one occasion, he claimed that she had fabricated the other incidents because she had been previously abused by other men. Respondent explained that he had been sexually abused as a child, and that he was sorry for what he had done.

Respondent was charged with two counts of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(a) (2012). On August 18, 2014, he entered

2

a guilty plea to one count of first-degree criminal sexual conduct. The state agreed to dismiss the remaining count.

Prior to sentencing, respondent filed a motion for a downward dispositional departure from the 144-month presumptive prison sentence. In the alternative, respondent sought a downward durational departure. Respondent's sentencing memorandum focused almost solely on his request for a dispositional departure.

In that memorandum, respondent argued that he was amenable to probation and treatment, which he claimed was shown by his youth (he was then 25 years old), his zero criminal history score and lack of any prior criminal record, and his employment history (he had, up to this offense, been employed to assist homebound people with house cleaning and general maintenance). Respondent also suggested that after he had completed a year in the workhouse, there would be a number of treatment options in the community available to him. He proposed that he could receive inpatient sex offender treatment in the community to deal with his own issues related to the sexual abuse he had endured as a child. Respondent also argued that he was a contributing member of the community, accustomed to balancing responsibilities, and would therefore be a good candidate for probation. Finally, respondent claimed that he had accepted responsibility for his actions and had expressed remorse.

The probation officer who prepared the presentence investigation report recommended that respondent receive the presumptive 144-month prison sentence. The probation officer stated that in her opinion respondent took little responsibility for the offense. The officer further stated that respondent took advantage of his position of

authority over the child, violated her trust as a parental role model, and was aware of the child's prior abuse and knew that she was vulnerable.

A sentencing hearing was held on November 6, 2014. At the hearing, defense counsel focused on respondent's request for a dispositional departure and argued that respondent was amenable to probation. The prosecutor opposed any departure, noting that "[a]t best [respondent] might be eligible for some outpatient programming but he is not particularly amenable to probation."

The district court did not comment on the request for a dispositional departure. Instead, the court granted the alternative request for a durational departure, on the record, and sentenced respondent to 86 months in prison:

> This is a durational departure from the guidelines. The reasons for the departure are that I find that you are amenable to probation, amenable to treatment, you have family support. You have no criminal history. You pled early preventing the State from having to bring the victim in.
>
> Based on what I read in the psycho-sexual [evaluation] it appears that they believe you will be successful at treatment. I also find, based on everything I've read and from everything I've seen, the defendant to be slightly vulnerable himself. For these reasons I'm departing downward.

The state appeals, arguing that the district court abused its discretion in relying on offender-related factors to support the durational departure.

**D E C I S I O N**

**I.**

A district court is afforded great discretion in sentencing, and an appellate court will reverse a sentencing decision only for an abuse of that discretion. *State v. Soto*, 855

N.W.2d 303, 307-08 (Minn. 2014). However, the sentencing guidelines limit the district court's discretion, and a sentencing departure is justified only if "'there exist identifiable, substantial, and compelling circumstances' that distinguish a case and overcome the presumption in favor of the guidelines sentence." *Id.* at 308 (quoting Minn. Sent. Guidelines 2.D.1).

A district court may grant a downward durational departure "if the defendant's conduct is significantly less serious than that typically involved in the commission of the offense." *State v. Mattson*, 376 N.W.2d 413, 415 (Minn. 1985). Only offense-related factors, however, can be used to support a durational departure. *See, e.g.*, *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995). Offender-related factors may be cited to support a dispositional departure. *See State v. Herrmann*, 479 N.W.2d 724, 728-29 (Minn. App. 1992) (stating that amenability to treatment and probation are offender-related factors that may support dispositional departure), *review denied* (Minn. Mar. 19, 1992).

The departure factors relied on by the district court here, including respondent's amenability to probation and treatment, are clearly offender-related, not offense-related factors. *See State v. Peter*, 825 N.W.2d 126, 130-31 (Minn. App. 2012) (listing offender-related factors as including post-offense remorse, lack of felony record, youth of defendant, family support, defendant's ability to obtain meaningful employment and education), *review denied* (Minn. Feb. 27, 2013). The district court abused its discretion in relying on these factors to support the departure in this case.

Respondent concedes that amenability to probation is not an appropriate factor for the district court to have considered. *See State v. Bauerly*, 520 N.W.2d 760, 762 (Minn. App. 1994) (stating that amenability to probation is relevant to dispositional departures), *review denied* (Minn. Oct. 27, 1994). But respondent argues that the district court also cited other legitimate factors to support its departure, including respondent's diminished capacity due to his own vulnerability resulting from his having been abused as a child. Respondent further argues that the record establishes that he has expressed remorse, which can support a durational departure. *See Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985) (stating that if sentencing court's reasons for departure are improper or inadequate, the departure may be affirmed if there is sufficient evidence in the record to justify the departure).

A defendant's remorse, as a general rule, "bears only on a decision whether or not to depart dispositionally." *State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983). There may be instances where a defendant's "lack of remorse could relate back and be considered as evidence bearing on . . . the cruelty or seriousness of the conduct on which the conviction was based." *State v. McGee*, 347 N.W.2d 802, 806 n.1 (Minn. 1984); *see also Bauerly*, 520 N.W.2d at 762-63 (affirming "minimal" downward durational departure, in theft offense, based on defendant's remorse).

In this case, however, any remorse expressed by respondent does not relate back to the offense so as to make it less serious than a typical first-degree criminal sexual conduct offense. Significantly, respondent did not express remorse during the offense or even immediately afterwards. To the contrary, respondent denied having sexual contact

6

with the victim when first confronted by police, offered varied and changing explanations for the child's version of the events and for the physical evidence police found based on the child's reports, and claimed that the victim had made up or fabricated much of the information contained in those reports. Respondent was not so remorseful as to take full responsibility for his actions and admitted to one incident only after it was clear that he had been caught. At sentencing, the prosecutor noted that the probation officer who prepared the presentence investigation (PSI) believed that respondent was "just saying things to appease the PSI writer as well as the psycho-sexual writer" and that respondent has "minimized his actions." Based on the record before us, we cannot conclude that respondent's expression of remorse makes his offense less serious or cruel.

With respect to respondent's vulnerability related to the fact that he was abused as a child, respondent acknowledges that this factor is not specifically recognized in the guidelines, nor is it a valid defense to the crime. Respondent argues that his vulnerability can be considered under the catchall "other substantial ground[]" factor, because it "tend[s] to excuse or mitigate the offender's culpability." Minn. Sent. Guidelines 2.D.3.a.(5) (2013). Respondent argues that the district court found, based on its review of the record, including the psychosexual evaluation and the letters of support from his family and friends, that he was less culpable as a result of his vulnerability. Respondent argues that this finding is sufficient to support the court's departure decision.

However, a defendant's culpability or vulnerability is an offender-related factor, not an offense-related factor, and cannot be used to support a durational departure.

7

Respondent's personal history and upbringing do not mitigate the seriousness of his actions against the child who thought of him as an uncle.

A mitigating factor may exist when an offender, because of a physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. Minn. Sent. Guidelines 2.D.3.a.(3) (2013). The cases appear to require a mental impairment to be extreme in order to support a durational departure. *See State v. Wilson*, 539 N.W.2d 241, 247 (Minn. 1995); *State v. Lee*, 491 N.W.2d 895, 902 (Minn. 1992) (finding that defendant, who suffered from depression, anger, and impulsivity, did not suffer from extreme mental impairment when "experts overwhelmingly concluded that [his] mental condition did not deprive him of control over his actions"); *State v. Hennum*, 441 N.W.2d 793, 801 (Minn. 1989) (concluding that years of abuse by victim constituted substantial grounds to mitigate defendant's culpability). The record presented here does not establish that respondent's vulnerability was so extreme that he lacked control over his actions or that his culpability for this offense should be mitigated or excused. We therefore conclude that the district court abused its discretion in granting a downward durational departure because such a departure is not supported by the factors cited by the court or by the record presented to the court.

## II.

Respondent argues that should this court conclude that the district court's durational departure is not supported by the record, the matter should nevertheless be remanded to allow the court to consider his request for a dispositional departure. The state opposes such a remand.

In *Soto,* 855 N.W.2d at 314, the supreme court reversed the district court's decision to grant a dispositional departure in a first-degree criminal sexual conduct case, concluding that the record did not establish that the defendant was "particularly" amenable to probation. The supreme court remanded the matter to the district court with instructions that it "may, in its discretion, conduct additional fact-finding on whether a dispositional departure is justified or execute the presumptive sentence under the Sentencing Guidelines." *Soto*, 855 N.W.2d at 314-15. We reverse the district court's decision to depart durationally and remand to allow the district court to consider whether a dispositional departure is justified or whether the presumptive sentence should be executed.

**Reversed and remanded.**