# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0242

State of Minnesota,
Appellant,

vs.

Jacob Miles Solberg,
Respondent.

**Filed August 24, 2015**
**Reversed and remanded**
**Hudson, Judge**

Polk County District Court
File No. 60-CR-13-1128

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory Widseth, Polk County Attorney, Scott Buhler, Assistant County Attorney, Crookston, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Willis, Judge.[*]

## S Y L L A B U S

Remorse that does not relate to the seriousness of the crime, standing alone, is an insufficient basis to support a downward durational departure.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

# OPINION

**HUDSON**, Judge

In this sentencing challenge, the state argues that the district court abused its discretion when it granted respondent a downward durational departure based on factors typically used to justify a dispositional departure. Because the district court improperly based the durational departure on offender-related factors, instead of the required offense-related factors, we reverse and remand.

## FACTS

In June 2013, B.W. went to a small-town street dance. In the early morning hours, B.W. connected with respondent Jacob Miles Solberg, a coworker, who invited her to his house, ostensibly to spend time with him and some of his friends. Respondent appeared intoxicated to B.W. at the time of the invitation. He drove B.W. to his rural home where no others were present. Respondent cooked food and later began rubbing B.W.'s back and legs while they were seated on the living-room couch. She told him to stop. B.W. testified that respondent "beg[ged]" B.W. to have sex with him, and she refused. Respondent subsequently pushed B.W. onto the couch and held her down, despite her telling "him to stop and get off [her]" multiple times. Respondent penetrated B.W. vaginally and anally. He then took her back to her vehicle. B.W. reported the rape to law enforcement and underwent a sexual-assault examination.

B.W. confronted respondent the evening after the assault by text message. Respondent asked B.W. via text what she was talking about and claimed he did not remember anything from the previous night because of his alcohol consumption.

Respondent was charged with third-degree criminal sexual conduct. During the jury trial, after the testimony of B.W., two Polk County deputy sheriffs, an emergency department nurse, and an investigator at the sheriff's office, respondent entered a *Norgaard* guilty plea.[1] In exchange, the state agreed to recommend limiting the sentence to the bottom of the presumptive guidelines sentencing range, with respondent being free to argue for a departure and any other conditions. Respondent admitted to having intercourse with B.W., but stated that due to intoxication he could not recall the exact details of the encounter.

At sentencing, respondent moved for a downward durational and/or dispositional departure, arguing that he was particularly amenable to probation, he was remorseful, and his offense was less serious than the typical third-degree criminal-sexual-conduct case. The district court granted respondent a downward durational departure because of his age, shown remorse, cooperation with law enforcement, and limited criminal history. The low end of the presumptive sentencing guidelines range was 53 months executed with a ten-year conditional-release period; the district court sentenced respondent to an executed 30-month sentence with a ten-year conditional-release period.[2] The state appeals.

---

[1] *See Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009) ("A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction."), *review denied* (Minn. Apr. 21, 2009).

[2] The plea agreement also resolved a first-degree criminal-damage-to-property charge, a gross-misdemeanor DWI, and a misdemeanor-DWI probation violation.

**ISSUE**

Did the district court err when it granted respondent a downward durational departure based on respondent's remorse?

**ANALYSIS**

The Minnesota Sentencing Guidelines set forth sentence ranges "presumed to be appropriate for the crimes to which they apply." Minn. Sent. Guidelines 2.D.1. The district court must impose the presumptive sentence unless there are "substantial and compelling circumstances" that warrant departure. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). The Minnesota Sentencing Guidelines set forth a nonexclusive list of aggravating and mitigating factors used to justify departures. Minn. Sent. Guidelines 2.D.3.

We generally review a sentencing-guidelines departure for an abuse of discretion. *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003). But the question of whether the court relied on proper reasons to depart is a question of law. *Dillon v. State*, 781 N.W.2d 588, 595 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

There are two types of departures: dispositional and durational. Minn. Sent. Guidelines 2.D.1.a. The district court may consider only offense-related factors—and not offender-related factors—when granting a downward durational departure. *State v. Peter*, 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). Essentially, when considering whether to grant a downward durational departure, the court determines whether the offense was significantly less serious than the typical conduct involved in that offense. *Id.*

4

Here, the district court improperly relied on several offender-related factors in granting respondent a downward durational departure, including his age and cooperation with law enforcement. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (concluding that age and cooperation relate to whether a defendant is amenable to probation, a dispositional-departure consideration). The district court also noted respondent's limited criminal history. But his criminal history was already considered in determining the presumptive sentence. *See* Minn. Sent. Guidelines 1.A (stating that the guidelines are proportional to the severity of the offense *and* the offender's criminal history). In addition, the district court specifically rejected respondent's argument that the conduct underlying his conviction was less serious than the typical offense of criminal sexual conduct in the third degree. On the record, the district court found that no one could say that this is "a less culpable kind of crime than the normal crime."

Even when the district court's given reasons are "improper or inadequate," an appellate court may affirm a durational departure when the record contains sufficient, appropriate reasons that justify the departure. *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985). Respondent asserts that his remorse was a proper, sufficient factor to justify a downward durational departure.[3] Generally, "a defendant's remorse bears only on a decision whether or not to depart dispositionally, not on a decision to depart durationally." *State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983). But remorse can be

---

[3] Respondent argues that a court need rely only on a single factor to grant a departure. But he cites caselaw holding that a single *aggravating* factor may justify an upward departure. *See Dillon v. State*, 781 N.W.2d at 599. He does not cite, nor could we find, any caselaw holding that a single factor is sufficient to justify a downward durational departure.

considered in durational departures where remorse, or the lack thereof, bears on the seriousness of the conduct of the underlying offense. *State v. Bauerly*, 520 N.W.2d 760, 762 (Minn. App. 1994), *review denied* (Minn. Oct. 27, 1994); *see also State v. McGee*, 347 N.W.2d 802, 806 n.1 (Minn. 1984) ("[T]here may be cases in which the defendant's lack of remorse could . . . be considered as evidence bearing on a determination of the cruelty or seriousness of the conduct on which the conviction was based.").

In *Bauerly*, the district court granted the defendant a downward durational departure from her sentence for stealing from her employer. *Bauerly*, 520 N.W.2d at 762. The district court based its decision partly on the defendant's remorse and partly on the fact that the theft "barely exceeded" the felony threshold. *Id.* The state appealed, arguing that the district court considered improper factors and that the amount stolen did not make the offense significantly less serious. *Id.* This court held that the district court's finding that the defendant's remorse reflected on the seriousness of offense, coupled with the amount stolen, justified the one-day downward durational departure. *Id.* at 763.

Here, there is no indication that respondent's remorse diminishes the seriousness of the offense. Although respondent claims that "[h]e was so overcome by remorse that he agreed to enter into an open guilty plea in the middle of trial," this assertion is not fully supported by the record. The victim had previously confronted respondent about the offense, and he claimed to have no memory of it. Respondent did not enter a plea until trial was well underway; this was after numerous witnesses had testified and the district court had ruled on the permissibility of a rebuttal witness. These facts do not

6

support respondent's claim that he was remorseful once he realized what he had done. Instead, it seems that he showed remorse once he realized a conviction was likely.

*Bauerly* is also distinguishable from this matter because the *Bauerly* court relied on two factors: the defendant's remorse and the fact that the amount stolen was minimally over the felony threshold. *Id.* In contrast, respondent's violent sexual assault clearly satisfied the statutory elements of the felony to which he pleaded guilty. And the downward departure in *Bauerly* was one day; here the departure was 23 months.

In sum, respondent has not provided, nor did we find, any authority to support respondent's argument that remorse alone can support a downward durational departure when the purported remorse does not "relate back" to the offense or make his conduct less serious than the typical offense.

## D E C I S I O N

The district court improperly relied on offender-related factors to support its downward durational departure, and respondent's remorse, which does not diminish the seriousness of the crime, is an insufficient factor standing alone to support a durational departure. Therefore, we reverse and remand for resentencing consistent with this opinion.

**Reversed and remanded.**

7