*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0309**

State of Minnesota,
Appellant,

vs.

Krystal Elizabeth Alwin,
Respondent.

**Filed August 31, 2015
Reversed and remanded
Stauber, Judge**

Ramsey County District Court
File No. 62CR142036

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant State Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and

Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STAUBER**, Judge

The state challenges the district court's imposition of a gross-misdemeanor sentence that was one day shorter than the presumptive felony sentence, arguing that this constituted a durational departure that the district court did not justify with sufficient offense-related findings. We agree, and we reverse and remand for resentencing.

## FACTS

In November 2013, during a legal traffic stop, a state patrol officer detected a marijuana odor emanating from respondent Krystal Elizabeth Alwin's vehicle. When questioned about the odor, Alwin handed the officer her purse, which contained marijuana, hashish oil lollipops, and hashish oil candies. Alwin admitted the drugs were hers and claimed she used them to control her pregnancy-related morning sickness. Alwin was charged with one count of fifth-degree controlled-substance possession, a felony.

Alwin pleaded guilty and moved for a dispositional sentencing departure, requesting that the presumptive year-and-a-day stayed felony sentence be reduced by one day to a 365-day stayed gross-misdemeanor sentence. Alwin stated that she displayed a "remorseful attitude," had completed chemical-dependency treatment, and had provided consistently negative drug-test results. She also claimed that a felony disposition would cause her to lose her sober housing. The state opposed Alwin's motion, arguing that she was actually requesting a durational departure because she requested a shorter sentence, and that a durational departure is unwarranted because her offense is not less serious than

2

the typical offense. The district court concluded that Alwin's request constituted a dispositional departure because the requested sentence would result in a jail rather than a prison sentence. The district court granted the 365-day stayed sentence based on Alwin's completion of treatment and her sober housing. This state appeal follows.

## DECISION

The Minnesota Sentencing Guidelines set forth sentence ranges "presumed to be appropriate for the crimes to which they apply." Minn. Sent. Guidelines 2.D.1 (2012). The district court must impose the presumptive sentence unless there are "substantial and compelling circumstances" to depart. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. *State v. Robideau*, 796 N.W.2d 147, 150 (Minn. 2011). But the question of whether the district court relied on proper reasons to depart is a question of law subject to de novo review. *Dillon v. State*, 781 N.W.2d 588, 595 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

The state first asserts that the district court erred by characterizing the sentence imposed as a dispositional departure rather than a durational departure. In *State v. Bauerly*, this court ruled that the imposition of a 365-day gross-misdemeanor sentence on a felony conviction that carried a presumptive year-and-a-day sentence "is a durational departure rather than a dispositional departure." 520 N.W.2d 760, 762 (Minn. App. 1994), *review denied* (Minn. Oct. 27, 1994). Likewise, because Alwin's imposed stayed sentence was reduced by one day from the presumptive stayed sentence, it constitutes a durational departure.

3

The district court may consider only offense-related factors—and not offender-related factors—when granting durational departure. *State v. Peter*, 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013). Essentially, for durational departures, the court considers whether the offense was significantly less serious than the typical conduct involved for that offense. *Id.*

Here, the district court relied upon factors used to justify a dispositional departure, including Alwin's amenability to probation, the steps she had taken to correct her behavior, and society's best interests. *See State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983) (holding that to justify a dispositional departure the district court "can focus more on the defendant as an individual and on whether the presumptive sentence would be best for [her] and for society"). But "[c]aselaw is settled that offender-related factors do not support durational departures." *Peter*, 825 N.W.2d at 130. Therefore, the district court improperly relied upon offender-related factors when granting a durational departure.

However, even if the departure reasons relied upon by the district court are improper or inadequate, we may affirm if "there is sufficient evidence in the record to justify departure." *Williams v. State*, 361 N.W.2d 840, 844 (Minn. 1985). Alwin argues that her cooperation with law enforcement supports the downward durational departure. Cooperation with law enforcement generally relates to whether a defendant is amenable to probation, a factor used to justify a dispositional departure. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). The record before us does not demonstrate that Alwin's surrender of the drugs mitigates the seriousness of *possessing* a controlled substance. Moreover,

we do not observe other factors that make Alwin's offense less serious than the typical offense.[1]

The state finally contends that we should not remand for resentencing, relying on *State v. Geller*, 665 N.W.2d 514, 517 (Minn. 2003). *Geller* states that "[a]bsent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." *Id.* But *Geller* involved an upward departure where the record was devoid of reasoning for the departure. Here, although the district court mischaracterized the downward durational departure as a dispositional departure, the district court stated its reasoning at the time of sentencing. Therefore, we reverse and remand for resentencing.

**Reversed and remanded.**

---

[1] We note that the record does not reflect the weight of Alwin's controlled substances, but any amount of product containing marijuana or THC constitutes fifth-degree possession. Minn. Stat. § 152.025, subd. 2(a)(1) (2012). While fifth-degree possession excludes a "small amount of marijuana," that definition specifically excludes the resinous form of marijuana, also known as hashish. Minn. Stat. § 152.01, subd. 16 (2012); *State v. Soutor*, 316 N.W.2d 576, 576 (Minn. 1982). And Alwin possessed numerous individual hashish oil products, therefore likely easily exceeding the felony threshold. *Cf. Bauerly*, 520 N.W.2d at 762 (affirming a downward durational departure in a theft case where the dollar amount stolen "barely exceeded" the felony threshold).