*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1235**

State of Minnesota,
Respondent,

vs.

Darren Clinton,
Appellant.

**Filed March 28, 2016
Reversed and remanded; motion denied
Ross, Judge**

Hennepin County District Court
File No. 27-CR-14-26898

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith, Tracy, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Darren Clinton pleaded guilty to selling fake drugs to an undercover officer and was

conditionally released before sentencing. According to his plea agreement, if he returned

for the sentencing hearing, the district court would sentence him to a year and a day in prison (a term that departs *downward* from the guidelines' presumptive sentence), but if he failed to appear, the district court would sentence him to 24 months in prison (a term that departs *upward* from the presumptive sentence). When Clinton failed to appear, the district court sentenced him to 24 months in prison. Clinton appeals his sentence, arguing there is no basis for the upward departure. The state agrees, and so do we, so we reverse and remand for resentencing.

## FACTS

In September 2014, Clinton sold a substance resembling crack cocaine to an undercover police officer. Police arrested him and he pleaded guilty to violating Minnesota Statutes section 152.097, subdivision 1(3) (2014). Under his plea agreement with the state, Clinton would be sentenced either to 366 days in prison or 24 months in prison, depending on whether he appeared for his scheduled sentencing hearing. The problem is, neither the carrot-sentence nor the stick-sentence fell within the guidelines' presumptive sentence of 17 to 22 months.

Clinton failed to appear. Police eventually arrested him and he appeared for sentencing. His attorney argued that the district court could not impose a 24-month sentence despite the plea agreement. The district court stated that Clinton had agreed to the sentence by entering the plea agreement and by failing to appear for sentencing. Clinton's attorney explained that a 24-month sentence constitutes an upward durational departure unsupported by any aggravating factors. The district court replied that its reason for

departing was that Clinton absconded. The district court imposed the 24-month sentence. Clinton appeals.

## DECISION

We first address a motion that Clinton filed, seeking our expedited review. The special rules of practice contemplate motions to expedite the scheduling of cases based on a good-cause showing. Minn. App. Spec. R. Pract. 1. But Clinton does not rely on that rule, and, in any event, he could not rely on it because he did not file his motion until only five days before our scheduled conference—too late for him to benefit from rescheduling. His motion seeks expedited review because he is scheduled to be released from prison before the end of our 90-day statutory deadline for releasing decisions. His motion relies on Minnesota Rules of Civil Appellate Procedure 102, 126.02, and 127, but none of these rules contemplates a motion to expedite our consideration of a case that has already been heard. Although we do not grant the motion for these reasons, we observe that the state has responded in support of it, and we accommodate it as a reasonable request under the slightly urgent circumstances.

Clinton argues that the district court abused its discretion by imposing an upward departure based only on the plea agreement. The state supports Clinton's argument and asks that we remand for resentencing. Clinton's argument and the state's concession are well supported. We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. *State v. Hicks*, 864 N.W.2d 153, 156 (Minn. 2015). The district court must articulate substantial and compelling reasons to support a sentence that departs from the guidelines, establishing that the defendant's conduct was either

3

significantly more or less serious than conduct typically involved in the crime of conviction. *Id.* at 156–57. A plea agreement standing alone cannot constitute a substantial and compelling circumstance to depart. *State v. Misquadace*, 644 N.W.2d 65, 72 (Minn. 2002). Even when a plea agreement proposes a sentencing departure, the district court must still determine whether the offense includes any aggravating or mitigating circumstances warranting a departure. *Id.* at 71. The district court did not point to any facts indicating that Clinton's offense was more serious than the typical crime of simulating the sale of narcotics.

Although the parties agree that the district court erred, they do not agree on the precise remedy. We turn to that dispute.

While the state agrees that we must remand for resentencing, it implies that an upward durational departure is supported by the record because Clinton's absconding before sentencing shows lack of remorse. The argument is not compelling. To impose a durational departure, the district court may consider only offense-related factors, not offender-related characteristics. *State v. Chaklos*, 528 N.W.2d 225, 228 (Minn. 1995). Remorse is generally an offender-related characteristic, though it may be a durational consideration in situations that do not resemble the present facts. *See State v. Solberg*, 869 N.W.2d 66, 70 (Minn. App. 2015) (observing that remorse may be a consideration for durational departures if it bears on the seriousness of the offense), *review denied* (Minn. Nov. 17, 2015). Nothing identified by the state or apparent in the record supports a departure from a presumptive sentence.

The state also suggests that we instruct the district court on remand to allow Clinton to withdraw his guilty plea. But this is not the remedy Clinton seeks. Clinton urges that we direct the district court to impose a 19-month prison sentence, which he maintains is the presumptive sentence. The guidelines provide a presumptive range for Clinton's prison term, not a specific presumptive term. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). It is true that 19 months is the center of that range, but the district court has discretion to impose a sentence as it sees fit anywhere within the range. *State v. Starnes*, 396 N.W.2d 676, 681 (Minn. App. 1986). We therefore reverse Clinton's sentence as constituting an unsupported upward departure, and we remand for the district court to resentence Clinton within the presumptive range at its discretion.

**Reversed and remanded; motion denied.**